# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:04CV334

| | |
|---|---|
| LORD A. UMAZAR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE PRESBYTERIAN )<br>HOSPITAL, et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the undersigned on the "Motion to Dismiss" (Document No. 7) and corresponding "Brief in Support of Defendants' Motion to Dismiss" (Document No. 8), both filed September 15, 2004 by The Presbyterian Hospital ("Defendant Presbyterian"), Priscilla Tiebout and Shireen DeFoggi (collectively, "Individual Defendants"). The time for filing a brief in response has long expired, and the pro se Plaintiff has not filed a response of any kind. The parties have consented to Magistrate jurisdiction under 28 U.S.C. § 636(c), and this matter is now ripe for disposition.

Having carefully considered the arguments of the parties and the record, the undersigned will grant the Defendants' Motion and will dismiss the Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action seeking damages and equitable relief for racial and gender discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The pro se Plaintiff, Lord A. Umazar, an African-American male, contends that on October 8, 2003, the Defendant Presbyterian, his employer, unlawfully discriminated against him

by terminating him without cause because of his race and gender. Plaintiff further contends that the Individual Defendants discriminated against him by manipulating time records, denying promotions based on race and gender, and by failing to follow proper procedures to substantiate Defendant's basis for terminating Plaintiff's employment.

On December 4, 2003, Plaintiff timely filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On March 18, 2004, the EEOC issued Plaintiff a "Dismissal and Notice of Rights," commonly known as a "right to sue" letter, terminating the EEOC's investigation of the matter and granting Plaintiff the right to bring suit. In his Complaint, Plaintiff admits that he received the right to sue letter on March 27, 2004. On July 12, 2004, 107 days after Plaintiff received the right to sue letter, he filed a motion to proceed in forma pauperis, which was amended on August 3, 2004 and granted on August 13, 2004. Also on August 13, 2004, 139 days after Plaintiff received the right to sue letter, he filed his Complaint.

On September 15, 2004, the Defendants filed their Motion to Dismiss and supporting Memorandum based on both the Plaintiff's failure to file this action within 90 days of receipt of the right to sue letter and the Plaintiff's improper inclusion of the Individual Defendants in this Title VII action. As stated above, over nine months have now passed and Plaintiff has not filed any response.

## II. DISCUSSION

### A. Motion to Dismiss With Respect to All Defendants for Failure to File Suit Within Ninety Days of Receipt of the EEOC Right to Sue Letter

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir.

1996)(en banc)(citation omitted). Accord Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969); Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1993) ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted). In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff, assuming its factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Sheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992).

It is well-settled that Title VII allows an aggrieved party ninety days after receipt of a "right to sue" letter from the EEOC to file a civil action. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). A claimant who fails to file a complaint within the ninety-day statutory time period generally forfeits his right to pursue his claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). The time period is subject to equitable tolling, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), but one who fails to act diligently cannot invoke equitable principles to excuse lack of diligence. See Hallstrom v. Tillamook County, 493 U.S. 20, 27 (1989).

Indeed, the Fourth Circuit has held that equitable tolling applies only when an employer's reliance on the applicable statute of limitations would be inequitable, because the employer "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). The limitations period will not be tolled unless an employee's failure to timely file results from either a "deliberate design by the employer or actions that the employer should unmistakably have understood would cause the

3

employee to delay filing his charge." Price v. Litton Business Sys., Inc., 694 F.2d 963, 965 (4th Cir. 1982); see also Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990).

In the instant case, the Plaintiff has filed no response at all – and certainly has made no showing of any reason that he failed to file his lawsuit in a timely fashion. Accordingly, he is not entitled to equitable tolling of the ninety-day limitations period for his Title VII claim. In short, even taking the allegations of the Complaint as true, the Plaintiff filed his Title VII lawsuit more than ninety days after he received his "right to sue" letter, his Complaint is time-barred, and the Defendants' Motion to Dismiss will be granted.

### B. Motion to Dismiss With Respect to the Individual Defendants for Failure to State A Claim Upon Which Relief Can Be Granted

Title VII of the Civil Rights Act of 1964, § 42 U.S.C. 2000e et seq., makes it an unlawful employment practice for an employer:

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

The Fourth Circuit unequivocally holds that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations."). Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d

402, 403 n.4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Circuit stated:

> Like the ADEA, Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181; see, e.g., Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under ADEA).

In the instant case, the Individual Defendants were simply employees of Defendant Presbyterian and are thus not individually liable to the Plaintiff under Title VII.[1] Accordingly, the

---

[1] Additionally, the Individual Defendants were not named in Plaintiff's "Charge of Discrimination" filed with the EEOC, and therefore, Plaintiff's "Right to Sue" letter, which stated that Plaintiff "may file a lawsuit against the respondent(s) . . ." restricts his choice of defendants to those he originally charged, here being only Defendant Presbyterian.

Defendants' Motion to Dismiss shall be granted as to the Individual Defendants, Ms. Tiebout and Ms. DeFoggi, for this further reason as well.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT**

1. Defendants' "Motion to Dismiss" (Document No. 7) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff and to defense counsel.

**Signed: June 23, 2005**

David C. Keesler
United States Magistrate Judge

**Signed: June 23, 2005**

David C. Keesler
United States Magistrate Judge